IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CR. NO. H-13-746 |
| | § | |
| | § | |
| SHARON IGLEHART | § | |

# COURT'S JURY INSTRUCTIONS

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## *DUTY TO FOLLOW INSTRUCTIONS*

You, as jurors, are the judges of the facts. But in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The Second Superseding Indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The defendant begins with a clean slate.  The law does not require a defendant to prove her innocence or produce any evidence at all.

The Government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.  While the Government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any *"reasonable doubt"* concerning the defendant's guilt.

A *"reasonable doubt"* is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important decisions of your own affairs.

## *EVIDENCE -- EXCLUDING WHAT IS NOT EVIDENCE*

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

5

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

As I instructed you at the beginning of the trial, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, IPhone, Blackberry or computer, or in any other way conduct any research about this case until after I accept your verdict.

## *EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL*

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that was presented to you.

*"Direct evidence"* is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  *"Circumstantial evidence"* is proof of a chain of facts and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find her guilty.

7

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the Government has proved the guilt of a defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses, including the Defendant, who testified in this case.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions:  Did the person impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the Government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he or she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

8

The testimony of the defendant should be weighed and her credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true.  You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## *IMPEACHMENT BY PRIOR CONVICTION*

You have been told that the witness, Lawrence Willis, III, was convicted in 2009 of conspiracy to possess with intent to distribute cocaine and cocaine base. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

## ACCOMPLICE-INFORMER-IMMUNITY

The testimony of an alleged accomplice, for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of these circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## "*ON OR ABOUT*" and "*APPROXIMATE*"

You will note that the Second Superseding Indictment charges that the offenses were committed "on or about" a specified date. The Government does not have to prove that the crimes were committed on that exact date, so long as the Government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the Second Superseding Indictment.

You will note also that the Second Superseding Indictment charges various dollar amounts, including Medicare and Medicaid payments, as "approximate." As with dates, the Government does not have to prove with exact certainty any dollar amount alleged in the Second Superseding Indictment.

### *CAUTION — CONSIDER ONLY CRIME CHARGED*

You are here to decide whether the Government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the Second Superseding Indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## CAUTION — PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be.   You should not be concerned with punishment in any way.   It should not enter your consideration or discussion.

### *SINGLE DEFENDANT - MULTIPLE COUNTS*

A separate crime is charged in each count of the Second Superseding Indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

### *CONFESSION - STATEMENT - VOLUNTARINESS*

In determining whether any statement, claimed to have been made by the defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care.  You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, her treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

## *"KNOWINGLY" — TO ACT*

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## *DELIBERATE IGNORANCE*

You may find that the defendant had knowledge of a fact if you find that the defendant deliberately closed her eyes to what would otherwise have been obvious to her.  While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded herself to the existence of a fact.  The trigger for deliberate ignorance is that the evidence must raise two inferences:  that the defendant (1) was subjectively aware of a high probability of the existence of the illegal conduct and (2) purposely contrived to avoid learning of the illegal conduct.

## *"WILLFULLY" — TO ACT*

The word "willfully," as that term has been used from time to time in these instructions, means the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

### *VIOLATIONS OF RULES AND INTERPRETATIVE POLICIES*

There are many rules and interpretative policies that apply to administration of the Medicare programs.  That a defendant may have violated certain Medicare policies does not necessarily mean that the defendant is guilty of the crimes charged in the Second Superseding Indictment.  Rather, you will find detailed instructions on what constitutes the crimes charged against the defendant, including the elements for proof of each of those crimes, in these Instructions beginning below at page 25.  However, you may consider evidence of a defendant's failure to act in accordance with certain Medicare policies in determining whether the defendant committed the crimes charged in the Second Superseding Indictment.

### *SUMMARIES AND CHARTS RECEIVED IN EVIDENCE*

Certain charts and summaries have been received into evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence.  You should give them only such weight as you think they deserve.

## COUNT ONE

## CONSPIRACY TO COMMIT HEALTH CARE FRAUD

## 18 U.S.C. § 1349

The Second Superseding Indictment charges the defendant with conspiracy to commit health care fraud in violation of Title 18, United States Code, Section 1349.   The defendant denies this charge.

Section 1349 makes it a crime for anyone to conspire with someone else to do something which, if carried out, would be a violation of Title 18, United States Code, Section 1347.   Section 1347 makes it a crime for anyone to knowingly and willfully execute or attempt to execute a scheme or artifice

(1)   to defraud any health care benefit program, in this instance, Medicare and/or Medicaid, or

(2)   to obtain money or property owned by or under the custody or control of Medicare by means of false or fraudulent pretenses, representations, or promises,

in connection with the delivery of or payment for health care benefits, items, or services.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.   It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

A "scheme or artifice" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

A "health care benefit program" includes Medicare and Medicaid.

A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant. The Government does not have to prove that the defendant had actual knowledge of or specific intent to violate the applicable health care fraud statutes.

For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*:    That two or more persons made an agreement to commit the crime of health care fraud as charged in the Second Superseding Indictment;

*Second*:    That the defendant knew the unlawful purpose of the agreement; and

*Third*:    That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

24

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If the defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient for the defendant to be found guilty of conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The Government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.  Similarly, the Government need not prove that all of the details of the scheme alleged in the Second Superseding Indictment were actually agreed upon or carried out.  Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

25

## UNANIMITY OF THEORY

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to both Counts One and Two.

Counts One and Two of the Second Superseding Indictment accuse the defendant of conspiring to commit, in Count One, and committing, and in Count Two, the crime of healthcare fraud in two different ways. The first is that the defendant executed or attempted to execute a scheme to defraud a health care benefit program. The second is that the defendant executed or attempted to execute a scheme to obtain any of the money or property owned by or under the custody or control of any health care benefit program by means of false or fraudulent pretenses, representations, or promises.

The Government does not have to prove both of these theories for you to return a guilty verdict on these charges. Proof beyond a reasonable doubt on one theory for each charge is enough. But in order to return a guilty verdict, all twelve of you must agree that the same theory has been proved for each of the counts. All of you must agree that the Government proved beyond a reasonable doubt that the defendant executed or attempted to execute a scheme to defraud a health care benefit program; or, all of you must agree that the defendant executed or attempted to execute a scheme to obtain any of the money or property owned by or under the custody

or control of any health care benefit program by means of false or fraudulent pretenses, representations, or promises.  Of course, if all of you find beyond a reasonable doubt that healthcare fraud was committed in *both* ways, that also fulfills the unanimity requirement.

## COUNT TWO

### HEALTH CARE FRAUD

### 18 U.S.C. § 1347 and 18 U.S.C. § 2

The Second Superseding Indictment charges the defendant in Count Two with health care fraud and aiding and abetting health care fraud in violation of Title 18 United States Code, Section 1347 and Section 2.  The defendant denies the charge.

Title 18, United States Code, Section 1347(a), makes it a crime for anyone to knowingly and willfully execute or attempt to execute a scheme or artifice (1) to defraud any health care benefit program, or (2) to obtain any of the money or property owned by or under the custody or control of any health care benefit program by means of false or fraudulent pretenses, representations, or promises.

For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

> *First:* That the defendant knowingly and willfully executed or attempted to execute a scheme or artifice to defraud health care benefit programs, namely Medicare and Medicaid, or that the defendant knowingly and willfully obtained money or property from health care benefit programs, Medicaid and Medicare, by means of false or fraudulent

28

pretenses, representations, or promises in connection with the delivery of or payment for health care benefits, items, or services;

*Second:*   That the defendant acted with a specific intent to defraud a health care benefit program;

*Third:*   That the false or fraudulent pretenses, representations, or promises that the defendant used were material; and

*Fourth:*   That the operation of the health care benefit program affected interstate commerce.

The words and phrases "knowingly," "willfully," "scheme or artifice," "health care benefit program," and "intent to defraud," have already been defined in these Instructions.

A "representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation is also "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false representation is "material" if it has a natural tendency to influence, or is capable of influencing, the institution to which it is addressed.

"Interstate commerce" means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia. "Commerce" includes travel, trade,

transportation, and communication.  Only a minimal effect is required in order to show that the health care benefit program "affected commerce."  Proof that the money obtained through execution of the scheme was paid through a financial institution insured by the FDIC, for example, is sufficient to establish that the activity "affected commerce."

It is not necessary that the Government prove all of the details alleged in the Second Superseding Indictment concerning the precise nature of the alleged scheme, or that the alleged scheme actually succeeded in defrauding someone.  What must be proven beyond a reasonable doubt is that the accused knowingly executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the Second Superseding Indictment.

Each separate claim filed in furtherance of a scheme to defraud constitutes a separate violation.  In this connection please bear in mind the Unanimity of Theory instruction I have given to you above at page 28.

## *AIDING AND ABETTING (AGENCY)*

## *18 U.S.C. § 2*

Title 18, United States Code, Section 2, provides that whoever aids and abets the commission of an offense against the United States is punishable as a principal.

The guilt of the defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person through direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate herself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that the defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of the crimes charged in Counts Two through Five in the Second Superseding Indictment, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*:    that the offense charged was committed by some person;

*Second*:    that the defendant associated with the criminal venture;

*Third*:    that the defendant purposefully participated in the criminal venture; and

*Fourth*:    that the defendant sought by action to make that venture successful.

"To associate with a criminal venture" means that the defendant shared the criminal intent of the principal. This

32

element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.

## COUNTS THREE, FOUR, and FIVE

### FALSE STATEMENTS RELATING TO HEALTH CARE MATTERS

### 18 U.S.C. §§ 1035 and 2

The Second Superseding Indictment charges the defendant in Counts Three through Five with false statements related to health care matters and aiding and abetting false statements related to health care matters in violation of Title 18, United States Code, Section 1035 and Section 2.  The defendant denies these charges.

Title 18, United States Code, Section 1035, among other things, makes it a crime for anyone, in any matter involving a health care benefit program, to knowingly and willfully make any materially false, fictitious, or fraudulent statements or representations, or make or use any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, in connection with the delivery of or payment for health care benefits, items, or services.

For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

> *First*:    that the defendant made a materially false, fictitious, or fraudulent statement or representation or made or used any materially

false writing or document entry knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

*Second*:    that the defendant did so in connection with the delivery of or payment for health care benefits, items, or services involving a health care benefit program; and

*Third*:    that the defendant did so knowingly and willfully.

The words and phrases "health care benefit program," "false," and "material" have the same definitions given previously in these Instructions.

## *AIDING AND ABETTING (AGENCY)*

## *18 U.S.C. § 2*

The instruction for aiding and abetting given above in these Instructions at pages 33-35 also applies to the Aiding and Abetting charge in Counts Three through Five.

### *DUTY TO DELIBERATE — VERDICT FORM*

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the Second Superseding Indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

If you have taken notes, your notes should be used only as memory aids.  You should not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.  Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

Remember at all times, you are judges--judges of the facts. Your sole interest is to decide whether the Government has proved the defendant is guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for in each count of the Second Superseding Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the Court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on any count of the Second Superseding Indictment, until after you have reached a unanimous verdict.

September __9__, 2015

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE