United States Courts
Southern District of Texas
FILED

*April 23, 2020*

David J. Bradley, Clerk of Court

In The United States District Court for The Southern District of Texas
5th Circuit
Case No. 4:13-CR-00746-001
Honorable Judge Ewing Werlein, Jr.

United States of America v. Sharon Lynette Iglehart

I am requesting and emergency compassionate release due to COVID-19 on behalf of my mother, Dr. Sharon Iglehart. Sharon Iglehart is a 63-year-old African American woman currently incarcerated at FPC Bryan – Bryan TX. She has completed 47 months of her 144 month sentence She was convicted on 1 Count of Conspiracy to Commit Health Care Fraud 18 U.S.C 1349, 1 Count of Aiding and Abetting Health Care Fraud 18 U.S.C. 1347 and 3 Counts of False Statements Relating to Health Care Matters 18 U.S.C. 1035. While incarcerated my mother has been a model inmate. She has taken over twenty-five rehabilitative courses. She attends Blinn College and has excelled in all course work. She is also an instructor/tutor for the prison's GED system to make sure other inmate have the keys to success in passing their GED. I fear that my mother's advanced age and health conditions makes her especially vulnerable to the effects of COVID-19. My mother has hypertension, she is pre diabetic, has petit-mal seizures and has a polycystic breast disease. These factors make her immunocompromised and make her more susceptible to catching the COVID-19. The risk of COVID-19's spread is high in the correctional facility where she is currently being detained. For the sake of my mother's health, I feel it is deemed best that she be released on compassionate release during this tragic COVID-19 pandemic.

This matter is before the Court on Defendant Sharon Iglehart Motion for Compassionate Release, in which she asks for the Court to release her form her term of imprisonment under 18 U.S.C. 3582 (c)(1)(A)(i), in light of the defendant is not a danger to the safety of any other person or to the community and the increasing health risks that the current global pandemic of coronavirus (COVID-19) poses to incarcerated persons, particularly those over 65 years of age and those with underlying health conditions, including diabetes, high blood pressure, chronic lung diseases including some forms of asthma, HIV and other immunocompromised conditions such as cancer, liver disease, kidney disease and heart disease. The court also takes into account the determination of congress and the President that the COVID-19 emergency requires expanding the authority of the attorney general to release eligible prisoners to home confinement.

The defendant moves for a reduction of her sentence pursuant to 18 U.S.C. 3582 (c) (1)(A), which authorizes a district court to gran such a reduction either upon motion by the Director of the Bureau of Prisons or upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendants behalf or the lapse of 30 days from the receipt of such a request by the warden or the defendant's facility, whichever is earlier." Defendant specifically seeks this reduction in sentence under Section 3582 (c) (1)(A)(i), which permits the sentencing court to gran such a motion where "extraordinary and compelling reasons warrant such a reduction" and "a reduction would be consistent with the applicable policy statements issued by the Sentencing Commission," following considerations factors set forth in 18 U.S.C. 3553 (a).

- The defendant has satisfied or is excused from satisfying the exhaustion of remedies requirement of Section 3582 (c)(1)(A) because the defendant is excused from exhausting administrative remedies or waiting for the required 30 days because the COVID-19 crisis is an "extraordinary circumstance" that justifies application of the exception to administrative exhaustion when "irreplaceable injury will result absent immediate judicial review" see Dawson Farms, LLC v Farm Service Agency. 504 F.3d 592, 606 (5th Cir. 2007) (citing Rhodes v United States, 574 F.2d 1179, 1181 (5th Cir. 1978)

Extraordinary and Compelling Reasons

The United States Sentencing Commission policy statements applicable to this case provide, in relevant park, that "extraordinary and compelling reasons" exist:

- Medical Conditions of the Defendant:
    - Arterial Hypertension: The defendant has had arterial hypertension since 2015. Over time, if untreated, it can cause health conditions, such as heart disease and stroke. The defendant is taking Norvasc 5MG and Captopril 25MG daily.
    - Diabetes: The defendant was diagnosed with diabetes in 2015. The defendant is taking Cymbalta 30 MG everyday which is for peripheral neuropathy.
    - Petit Mal Seizures: The defendant suffers from petit mal seizures. A petit mal seizure involves a brief loss of awareness, which can be accompanied by blinking or mouth twitching. The defendant has had 5 episodes since being incarcerated.
    - Polycystic Breast Disease: The defendant has had multiple cysts removed. The most recent cyst removal was in January 2019. The defendant is not receiving her scheduled mammograms as advised by her physician. The defendant is at higher risk for developing breast cancer due to family history.

- The defendants mother, Ms. Barbara Scott is a 82 year old woman who suffers from alzheimers and breast cancer. Ms Scott has previously had to have a mastectomy due to complications with breast cancer. Ms. Scott has been living in a nursing home since the defendant surrendered to the BOP in 2015. Prior to, the defendant was the sole caretaker of Ms. Scott. On April 21, 2020 Ms. Scott was admitted by nursing home staff for running a high fever and not eating. Due to Ms. Scott's age and previous health conditions she is at high risk for contracting the COVID-19. The defendant, if granted release will be able to provide adequate and proper care to her ill mother during this time and going forward.

**Section 3142(g) Factors**

The policy statements further provide that the reduction in sentence may be granted when, in addition to the forgoing "extraordinary and compelling circumstance" the district court finds the defendant "is not a danger to the safety of any other person or the community; as provided in 18 U.S.C. 3142 (g). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction; (2) the weight of the evidence; (3) the defendants history and characteristics; and (4) the nature and seriousness of the danger posed by the defendant's release.

In this case, it is our request to the Court that the reduction in sentence and the release of the defendant satisfy the requirement that the defendant is not a danger to the safety of any other person or the community.

**Section 3552(a) Factors**

The final criterion for a reduction in sentence requires the Court to consider whether a reduction is consistent with the applicable 3553(a) factors. See 18 U.S.C. 3582(1)(A); U.S.S.G. 1B1.13. The applicable statutory factors include, among others; the defendants history and characteristics; the nature and circumstances of the offense the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense the need to deter criminal conduct and protect the public from further crimes of the defendant the need to provide the defendant with, inter alia, any needed medical treatment in the most effective manner. See 18 U.S.C. 3553(a).

In this case, it is our request that the Court finds that the Section 3553(a) factors, as considered in the specific context of the facts of this case, warrant granting the reduction in sentence for the reasons stated above.

If granted release the defendant will be able to return to her home and her loving community in Houston, Texas. The defendant has a few confirmed job offers lined up if she is released. The defendant also has medical insurance thru the NBA Retired Players Association, Allen Leavell is the policy holder. If released I will be responsible for getting the defendant from Bryan, TX to her home in Houston, TX.

Best Regards,

Morgan Lynette Ross

*Morgan Ross*

STATE/~~COMMONWEALTH~~ OF Texas
CITY/COUNTY OF Houston / Harris
SWORN TO AND SUBSCRIBED TO BEFORE ME THIS 23-d DAY OF April, 2020
NOTARY PUBLIC   REGISTRATION# 131799017
MY COMMISSION EXPIRES 11-16-22



JEREMY ALLEN WARNERS
Notary Public, State of Texas
Comm. Expires 11-16-2022
Notary ID 131799017

BP-A0148
JUNE 10
U.S. DEPARTMENT OF JUSTICE

**INMATE REQUEST TO STAFF** CDFRM

FEDERAL BUREAU OF PRISONS

TO: (Name and Title of Staff Member) Warden Boncher c/o CMC Gibson
DATE: 4/6/2020
FROM: Sharon Iglehart
REGISTER NO.: 44619-379
WORK ASSIGNMENT: EDU
UNIT: MADISON #77

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Warden Boncher
To c/o CMC Gibson

Please forward this Request to the Warden

4 page Request
2 pages medical rec

Thank-you,
Sharon Iglehart
44619-379

(Do not write below this line)

DISPOSITION:

Signature Staff Member | Date

Record Copy - File; Copy - Inmate
PDF                    Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR Privacy FOLDER

SECTION 6

mammogram



Printed by OsiriX, free DICOM Viewer (3/4)
Patient: Iglehart Sharon [F000332933]
Study: 4/1/16 - 8:44 AM   MAMMO SCR DDI BI  R CC_R2

Sharon Iglehart MD
44619-379

*mammogram* (handwritten)

Patient Name: IGLEHART, SHARON        Unit No: F000332933

EXAMS:
004151641 MAMMO SCR DDI BI                         CPT CODE:
                                                   77057

Screening mammogram performed : April 1, 2016
Computer-aided detection technology (CAD R2 image Checker) was utilized.

Clinical history: 57-year-old female. No personal history of breast cancer. Positive family history of breast cancer mother after age 50 and maternal grandmother. Please note patient informed technologist of a lump after the exam was completed. Patient is scheduled to see Dr. Robinson..

Breast density: There are scattered areas of fibroglandular density.

There are 2 hyperdense well-circumscribed masses in the subareolar left breast. These measure 5.3 and 2.9 cm respectively. These have increased in size compared to prior exam. Additional mammographic and ultrasound evaluation is advised.

Additionally there is a new 8mm mass seen in the medial left breast, best seen on the CC projection. Further evaluation with additional mammographic and ultrasound images is advised.   *new 8mm mass* (handwritten)

Asymmetry is present in the upper central right breast approximate 12 o'clock location. Further evaluation with additional mammographic and possible ultrasound exam.

Findings are changed compared to prior exam February 28, 2008.

IMPRESSION: ACR 0: Incomplete- Need additional imaging

RECOMMENDATION: Additional mammographic and possible ultrasound evaluation of both breast.

****Not all breast cancers are detected by mammography/sonography and a negative report should not delay biopsy if a dominant or clinically suspicious mass is present.****

*******************FOR INTERNAL CODING PURPOSES ONLY****************
RESULT CODE:  0
FOLLOW UP:  MSU

Woman's Hospital of Texas          NAME: IGLEHART, SHARON
Woman's Place for Breast Care      PHYS: ROBTH - Robinson,Theresa L  MD
7600 Fannin                                                    SEX: F
Houston, Texas 77054               ACCT NO: F00030989596  LOC: F.BDC
PHONE #: 713-791-7176              EXAM DATE: 04/01/2016  STATUS: DEP CLI
 FAX #: 713-791-7541               RAD NO: 209533
Page  1                            Signed Report              (CONTINUED)

*Iglehart* (handwritten)
*4469-379* (handwritten)

Response to Inmate Correspondence
Iglehart, Sharon Register Number 44619-379
Madison

You requested a reduction in sentence (RIS) based on concerns about COVID-19. After careful consideration, your request is denied.

Title 18 of the United States Code, Section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

_____        04/14/2020
A. Boncher, Warden                     Date

April 6, 2020

Dear Warden Boncher:

I am respectfully requesting immediate Compassion Release pursuant to 18 USC § 3582; BOP Operations Memorandum 001.2020, Home Confinement Under the First Step Act (April 3, 2020); the Coronavirus Aid, Relief and Economic Security (C.A.R.E.S) Act; and U.S. Attorney General William Barr's (March 26, 2020 & April 3, 2020) Guidance Memoranda to the BOP for the following reasons:

I am one month shy of my 64th birthday (May 6, 2020) and suffer from multiple medical illnesses and disabilities which place me at higher risk of contracting COVID-19. Specifically, I have a history of polycystic breast disease (2016 mamogram included). My FPC Bryan medical records show again, a positive mamogram on May 8th 2019. Most recent breast biopsy was July 2019.

In addition to polycystic breast disease, I am also diagnosed with poorly controlled coronary heart disease, and poorly controlled diabetes.

My polycystic breast disease, associated with an immediate family history of breast cancer (mother, grandmother, aunts) places me in a category of individuals who will most likely develop breast cancer. A breast cancer treatment regimen ①

weakens the immune system and would put me at a greater risk of contracting COVID-19.

My medical condition fits the BOP policy guidelines for immediate release under C.A.R.E.S Act as well as Compassionate Release under B.O.P. Program Statement 5050.50. I have incurable, progressive, debilitating chronic illnesses (polycystic breast disease; coronary heart disease and diabetes) among other medical diseases (Rheumatoid arthritis - not diagnosed) from which I will not recover; that are related to the aging process and genetic predisposition; and that substantially diminishes my ability to function in a correctional facility during a global pandemic outbreak of a deadly virus such as COVID-19.

Conventional treatments under these compelling and extra ordinary conditions promise no substantial improvements to my mental and physical health. Rather, these conditions place me at immediate risk of not only contracting COVID-19, but they place me at a higher mortality rate, death, from the disease.

My prison record here at FPC Bryan has been outstanding. I have over 25 completed ACE certificates and I have completed Blinn College's year long Billing and Coding class and six months of

②

Medical Insurance provided by:
NBA Retired Players Medical Plan
Allen Leavell (spouse) policy holder

Please consider this request for my immediate release from prison to home confinement under Attorney General William Barr's Directives; the C.A.R.E.S. Act; and/or for a Reduction in Sentence Under the BOP's Compassionate Release Program Statement - 5050-50 pursuant to 18 U.S.C. § 3582.

Thank-you,
Sharon Iglehart
44669-379

Business Administration class. I pose zero threat to society. I am elderly; held in a minimum security prison camp; have a "minimum" PATTERN Recidivism risk score; convicted of a lower level non-violent crime; has shown good conduct; I have plans to release to my home in Houston and work for my local church and for a Houston physician. My greatest risk is of contracting COVID-19 Disease.

I am the elderly "vulnerable prisoner" who Attorney General Barr referenced in his March 26, 2020 and April 3, 2020 BOP Directives to be sent home — Immediately, after a 14 day quarantine period.

I did not come to prison to die.

Upon Release, I would return to my home located at:
11734 Gallant Ridge; Houston, 77082

I will be supported by part-time employment at: Williams Temple C.O.G.I.C; Houston, Texas
Larry Flowers M.D (Houston, Texas)
also my daughter: Morgan L. Ross (Probation Officer)
713-253-3354

My ongoing medical care will be followed by: Natalie Carol, M.D; Woman's Place for Breast Care; Woman's Hospital of Texas. 7600 Fannin St.; Houston, Texas 77054

③